No. 15,271.

THE STATE, EX REL. McKNIGHT, *v.* ROGERS.

DAMAGES.—*Judgment.—Collateral Attack.—Demurrer.*—In a suit on a guardian's bond alleging damages because of the negligence of the guardian in the discharge of his duty in instituting and prosecuting a suit against appellant, as next friend and guardian of his ward, in which action appellant was interested and was then a ward of said guardian, the complaint alleged that the guardian failed to employ counsel to defend the rights of said appellant, and that but for said breach of duty and neglect, said appellant would not have been damaged therein, and that the judgment rendered against said appellant, as a result of said breach of duty on the part of said guardian, was erroneous. A demurrer to the complaint was sustained.

*Held,* that the attack upon the decree being made in a suit upon a guardian's bond is necessarily collateral, and to be successful facts must be pleaded showing that the decree is absolutely void.

*Held,* also, that as the court rendering the judgment attacked had jurisdiction of the subject-matter and of the parties, and the decree was such as might have been rendered in such a case, the decree is binding upon all the parties to it until set aside by a direct proceeding brought for that purpose.

*Held,* also, that as against a collateral attack a judgment will be conclusively presumed to be correct, and averments in the complaint that appellant's rights were greater or different from what they were then adjudged to be, must be disregarded as in conflict with the finding and judgment of the court.

*Held,* also, that in so far as this proceeding is concerned, it will be presumed that, notwithstanding a failure on the part of the guardian in the performance of his duty, she suffered no loss by reason of said neglect, and that the court meted out justice to appellant.

*Held,* also, that the complaint does not state a good cause of action, and that the demurrer was rightly sustained.

From the Monroe Circuit Court.

*H. C. Duncan* and *I. C. Batman,* for appellant.

*J. R. East* and *E. Corr,* for appellee.

McBRIDE, J.—The appellant, by this action, sought to recover on her guardian's bond damages for alleged violation of his duty.

She alleges, in substance, that in the year 1867, she and

her father were owners in fee and tenants in common of certain land, each owning the undivided one-half thereof; that the father was appointed her guardian, and as such guardian, under order of the court, sold her interest in the land for $2,450; that afterward, on the 1st day of September, 1872, the father died intestate, the owner of the remaining undivided half of said land, leaving as his sole heirs the relatrix, another daughter, Lillie Knight, and a widow; that afterward, at the suit of the daughter, Lillie, the Monroe Circuit Court decreed partition of said land, awarding to each of said parties one-third thereof in value; that on the 27th day of December, 1873, one Benjamin F. Rogers was duly appointed guardian both of the relatrix and of said Lillie, and as such executed his bond with the appellee as his surety, entered upon the discharge of the duties of his trust and acted in that capacity until his death in June, 1881.

It is alleged that in February, 1875, while he was acting as such guardian, he, as next friend of the said Lillie, commenced a proceeding in the Monroe Circuit Court against the relatrix and her mother, which he afterward prosecuted to final judgment, which vacated both the guardian's sale made by the father as guardian in 1867, and the subsequent partition proceeding. In this proceeding it is averred that the court found and adjudged, that instead of the relatrix being the sole owner of the undivided half of the land sold as hers in 1867, she, the mother and her sister owned that, with the other land, as tenants in common, each owning the undivided one-third of the entire land, and the court decreed partition accordingly. This latter proceeding resulted in depriving the relatrix of a large portion of the property which had previously been adjudged to be hers. The particular breach of duty complained of is the institution and prosecution by the guardian of this proceeding as the next friend of said Lillie, and that he failed to employ counsel to appear for or defend the right of the relatrix. It is alleged that if he had done so, and had looked after her

interests therein, it would have been adjudged that she was sole owner of said property; that the original guardian's sale would not have been vacated, and that she would have retained all of said property.

It is not charged that the facts involved were not all before the Monroe Circuit Court when the judgment was rendered vacating all of the former proceedings and adjudging that the property belonged to the three parties, but it is claimed that the judgment rendered was erroneous, and resulted in taking from the appellant that which was justly her due.

The appellee insists that as the record comes to us the assignments of error present no question for our decision, and that the judgment should, for that reason, be affirmed. Upon strict technical grounds there appears to be some reason for this contention, but, in our opinion, the ends of justice will be better subserved if we ignore the question suggested, and consider the sufficiency of the facts pleaded to constitute a cause of action, a demurrer filed to a reply having been by the circuit court carried back and sustained to the complaint. A determination of the question presented by this ruling is decisive of every material question involved in the case.

It will be observed that the facts pleaded involve an attack upon the decree and judgment of the Monroe Circuit Court, vacating the original guardian's sale and the original partition proceeding, and finally adjusting the interests of the parties upon the basis of equal rights and interests in each of the three.

The complaint insists, notwithstanding that decree, that the appellant was rightfully the owner of the entire tract of land first sold by her guardian as hers, and that the court erred in rendering a decree which took two-thirds of it from her and gave it to the other two parties.

The attack upon the decree being made in a suit upon the guardian's bond is necessarily collateral. To be successful

facts must be pleaded showing that the decree is void. It is not enough to show that it is erroneous, but it must be shown that it is absolutely void. Otherwise it can not be successfully attacked in a collateral proceeding.

The complaint shows by express averment that the Monroe Circuit Court had, when the decree was rendered, jurisdiction, both of the subject-matter and of the parties, and the decree was such as might properly be rendered in such a case. The decree, therefore, is binding upon all of the parties to it until it is set aside in a direct proceeding brought for that purpose. As against a collateral attack it will be conclusively presumed to be correct, and the averments in the complaint that the appellant's rights were greater, or in any manner or degree different from what they were then adjudged to be, must be disregarded as in conflict with the finding and judgment of the court. It will, therefore, in so far as this proceeding is concerned, be presumed that, notwithstanding there may have been a failure on the part of the guardian to properly represent the appellant, or to employ counsel to represent her, or to protect her interests, she suffered no loss by reason of the neglect, and that the court meted out to her the full measure of her due.

It is clear that the complaint does not state a good cause of action, and that the court did not err in sustaining the demurrer to it.

Judgment affirmed, with costs.

Filed May 11, 1892.